**Larry D. SEABURG, Plaintiff—Appellant,**

**v.**

**Gordon R. ENGLAND, Secretary, Department of the Navy, Defendant—Appellee.**

**No. 04–35709.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2006.

Decided May 18, 2006.

John L. Cross, Esq., Port Orchard, WA, for Plaintiff–Appellant.

Marion J. Mittet, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendan—Appellee.

Before: REINHARDT, MCKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM *

Larry D. Seaburg, who filed a complaint against the Secretary of the Navy for discriminatory and retaliatory employment actions, appeals from the District Court's grant of summary judgment in favor of defendant and denial of Seaburg's motion to amend. We affirm.

Summary judgment was proper because Seaburg failed to establish a prima facie case, notably as to causation. Seaburg's counsel acknowledged at oral argument that his claim rested on the Navy's failure to select him for a permanent position in 1998, but Seaburg did not submit evidence of a causal connection between his 1994 EEO complaint and the 1998 non-selection. The gap in time is too great to permit an inference of causation merely because the complaint preceded the alleged adverse employment action. *See, e.g., Clark County School District v. Breeden*, 532 U.S. 268, 274, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (per curiam) (involving a gap of 20 months between protected activity and alleged adverse action). The other evidence identified by Seaburg was insufficient to make out a causal connection. That Seaburg's supervisors criticized his work performance did not tend to establish that either the 1998 non-selection or the criticisms themselves were driven by or reflected discriminatory motives.

The motion to amend was properly denied because the 2001 episode which Seaburg sought to add to his complaint would similarly have been subject to summary judgment. Since amending the complaint would have been futile, denial of the motion to amend was proper.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.